OPINION
The defendant-appellant, Dennis Paul Yeager ("the appellant"), appeals the decision of the Seneca County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C. Chapter 2950. For the following reasons, we affirm the judgment of the trial court.
In May of 1989, the appellant was indicted on one count of rape, in violation of R.C. 2907.02, three counts of sexual battery, in violation of R.C. 2907.03, and one count of corruption of a minor, in violation of R.C. 2907.04. On or about January 5, 1990, the appellant pleaded guilty to one count of rape, one count of sexual battery, and one count of corruption of a minor. In exchange for the appellant's guilty pleas, the remaining counts were dismissed by the state. The trial court accepted the appellant's pleas and sentenced him to a term of twenty-seven years in prison.
While serving his term in prison, the Ohio Department of Rehabilitation and Correction recommended that the appellant be classified as a sexual predator. A sexual predator hearing was held on November 9, 1999, in the Seneca County Court of Common Pleas. At the conclusion of the hearing, the trial court found that the appellant was a sexual predator pursuant to the criteria set forth in R.C. 2950.09.
The appellant now appeals, asserting the following assignment of error.
 ASSIGNMENT OF ERROR The trial court erred in denying the defendant-appellant a continuance to a date closer to his release date to proceed with this hearing finding the defendant-appellant a sexual predator.
 In his sole assignment of error, the appellant maintains that the trial court erred in denying his motion for a continuance of the sexual predator determination hearing. For the following reasons, we do not agree.
Initially, we must set forth the standard of review from a trial court's denial or grant of a continuance. It is well-settled that the grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion. Statev. Unger (1981), 67 Ohio St.2d 65, 67. An abuse of discretion suggests that the trial court's decision was unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151.
In the case herein, at the sexual predator hearing the appellant orally requested a continuance of the hearing on the basis that such a determination was premature. The trial court overruled the appellant's request and found him to be a sexual predator pursuant to the criteria set forth in R.C. 2950.09.
In his brief, the appellant contends that the trial court's decision effectively denied him the opportunity to seek treatment which the court would be required to consider in making a determination of sexual predator status. The appellant further contends that because he will be incarcerated for the next seven to fourteen years, he is not a threat to society and the continuance of the matter would have had no detrimental impact upon society.
The applicable law with regard to the timing and procedure of a sexual predator determination hearing is as follows. R.C. 2950.09
contemplates that a sexual predator determination hearing be conducted soon after the Department of Rehabilitation and Correction recommends that an offender be adjudicated a sexual predator. See R.C. 2950.09. When the offender is sentenced on or after the effective date of R.C. Chapter 2950, a trial court is required to conduct the sexual predator hearing prior to sentencing.[1] See R.C. 2950.09(B)(1).
If the offender was sentenced prior to the effective date of R.C. Chapter 2950, and the Department of Rehabilitation and Correction recommends the offender be adjudicated a sexual predator, R.C. 2950.09(C)(2) authorizes the trial court, upon receipt of such recommendation, to conduct a hearing to determine whether the offender is a sexual predator. See R.C.2950.09(C)(2). Should the trial court schedule a sexual predator determination hearing, the court is required to notify the offender and the prosecutor of the date, time, and place of the hearing. Id. The hearing is to be conducted in the same manner as a hearing for an offender sentenced after the effective date of the statute. Id.
Although the statute does not specifically set forth the time frame in which a trial court must schedule a hearing following receipt of the Department of Rehabilitation and Correction's recommendation, the statute does not contemplate or require that the trial court conduct the hearing in close proximity to the offender's date of release. Moreover, pursuant to R.C.2950.09(D)(1), an offender who has been adjudicated a sexual predator may petition the trial court for a redetermination of his sexual predator status.
R.C. 2950.09(D)(1) reads, in pertinent part, as follows:
[A]n offender who has been convicted of or pleaded guilty to asexually oriented offense and who has been adjudicated as being asexual predator relative to the sexually oriented offense in themanner described in division (B) or (C) of this section maypetition the judge who made the determination that the offenderwas a sexual predator, or that judge's successor in office, toenter a determination that the offender no longer is a sexualpredator. * * *
(a) Regardless of when the sexually oriented offense was committed, if, on or after January 1, 1997, the offender is imprisoned or sentenced to a prison term or other confinement for the sexually oriented offense in relation to which the determination was made, the offender initially may file the petition not earlier than one year prior to the offender's release from the imprisonment, prison term, or other confinement by discharge, parole, judicial release, or any other final release. * * *
(b) After the offender's initial filing of a petition under division (D)(1)(a) of this section, thereafter, an offender may file a petition under this division upon the expiration of five years after the court has entered an order denying the most recent petition the offender has filed under this division.
Thus, pursuant to the foregoing, even though an offender has been adjudicated a sexual predator, he may petition the trial court for a redetermination of his sexual predator status. At that time, the trial court may take into consideration whether the offender has participated in any sexual offender treatment programs.
Based on the foregoing, we find that the appellant was not prejudiced by the trial court's decision overruling his request for a continuance of the hearing. Having so found, the trial court did not commit an abuse of discretion. Accordingly, the appellant's sole assignment of error is not well-taken and is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the decision of the trial court.
Judgment affirmed.
 HADLEY, P.J.
 SHAW and BRYANT, JJ., concur.
[1] If the sexually oriented offense is a felony, the judge mayconduct the sexual predator hearing as part of the sentencinghearing required by section 2929.19 of the Revised Code.